REQUESTED BY: Scott Moore Nebraska Secretary of State
Neb. Rev. Stat. § 32-702 (Cum. Supp. 1996) allows a political party in Nebraska to adopt rules which require that an individual whose name is placed on that party's partisan primary election ballot must be affiliated with that party. When such a party rule exists, Neb. Rev. Stat. § 32-610 (Cum. Supp. 1996) provides further that no person shall be allowed to file a candidate filing form as a partisan candidate for public office or to have his or her name placed on the primary election ballot of that political party unless that person is a registered voter of the political party in question.
You have now requested an opinion from this office with respect to the application of Neb. Rev. Stat. § 32-612(1) (Supp. 1997) in the context of the statutes cited above. Section32-612(1) provides:
 A change of political party affiliation by a registered voter so as to affiliate with the political party named in the candidate filing form after the first Friday in December prior to the statewide primary election shall not be effective to meet the requirements of section 32-610 or 32-611, except that any person may change his or her political party affiliation after the first Friday in December prior to the statewide primary election to become a candidate of a new political party which has successfully completed the petition process required by section 32-716.
You state that several questions have arisen concerning the application of § 32-612(1) to individuals who move from one county to another and who then decide to run for office in the new county. Under those circumstances, you note that §32-612(1) does not appear to apply to individuals who were not previously registered to vote in their former county of residence. You then ask:
 If however, an individual, who had been previously registered, moves into another county, does this section [§ 32-612(1)] apply? Or does the change of county of residence operate as a cancellation of the previous registration?
For the reasons discussed below, we believe that § 32-612(1) does apply to the situation where an individual who has been previously registered moves into another county. Under those circumstances, a registered voter and candidate who changes political party affiliation from the affiliation reflected in the voter registration in his first county of residence is subject to the timeframes set out in § 32-612(1).
Our research has disclosed no Nebraska cases or statutes which deal directly with the issue presented in your opinion request. Nor are there previous opinions of this office which offer any guidance in this area. However, in ascertaining the meaning of a statute, courts in Nebraska will determine and give effect to the purpose and intent of the Legislature as determined from the entire language of the statute considered in its plain, ordinary and popular sense. Omaha Public Power District v.Nebraska Dept. of Revenue, 248 Neb. 518, 537 N.W.2d 312 (1995);Nebraska Life and Health Ins. Guarantee Association v. Dobias,247 Neb. 900, 531 N.W.2d 217 (1995). Courts will also look to a statute's purpose and give it a reasonable construction that best achieves that purpose, rather than a construction which would defeat that purpose. Solar Motors, Inc. v. First National Bank ofChadron, 249 Neb. 758, 545 N.W.2d 714 (1996). Finally, courts will place a sensible construction upon a statute to effectuate the object of the legislation rather than a literal meaning that would have the effect of defeating the legislative intent. Bayerv. Father Flanagan's Boys' Home, 219 Neb. 824, 366 N.W.2d 760
(1985).
With those rules of statutory construction in mind, it seems to us that the obvious intent of § 32-612(1) is to prevent an individual who wishes to be a candidate for a partisan public office from changing party affiliation for an election to that office after the first Friday in December before the statewide primary election. In other words, the real focus of the statute is changes in party affiliation by candidates and the timelines for that process, rather than voter registration or county of residence. Since the intent of § 32-612(1) is to prevent changes in party affiliation by candidates after a certain time, we believe that the statute must be construed to prohibit such changes by individuals who move out of their county of residence and into another county after the first Friday in December before the primary election. To construe the statute otherwise would defeat its purpose.
We recognize that it may be possible to argue, based upon other Nebraska statutes, that moving out of a county cancels an existing voter registration so that individuals who re-register in a new county with a different party have not "changed" an existing registration and are not subject to § 32-612(1). However, it is not completely clear that party affiliation and registration are entirely synonymous. For example, during the Floor Debate on LB 76, the bill that created the language at issue in § 32-612(1), 1994 Neb. Laws LB 76, Senator Preister stated:
 This amendment [to LB 76 dealing with registration by mail], this part of the amendment would allow for someone who has a mail order registration, mailed in registration, to . . . if they forgot to record the particular party that they're affiliated with, they would still have their ballot accepted. In the interest of time, it might not be feasible to send that registration back to the person who is registering, have them make a note of their particular party and then send the ballot back. This would not throw the entire ballot out simply because they forgot to list their particular party affiliation, their ballot would be accepted.
Floor Debate on LB 78, 93rd Neb. Leg., 1st Sess. 10912 (March 17, 1994) (Statement of Senator Preister). It seems to us that this discussion during floor debate lends support to the notion that party affiliation and voter registration are, at least to some extent, discrete functions. In any event, it also seems to us that a person who was registered in one county as a member of particular party and who then registers as a member of a different party in a different county has "changed" his or her party affiliation. Given the clear intent of § 32-612(1), we believe that such a change in party affiliation should trigger application of the timeframes stated in that statute.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
Don Stenberg 
Attorney General